1 | MARLENE  MATURO
2 | 19 Faber Pl.
  | Nutley, NJ 07110
3 | Tel. (973)280-9397
4 | marlene.maturo013@gmail.com
5 |
  | PLAINTIFF, PRO SE
6 |

7 | **UNITED STATES DISTRICT COURT for**
8 | **THE DISTRICT OF NEW JERSEY**
9 | **NEWARK DIVISION**

10 |
11 |                                                          §
12 | **MARLENE  MATURO,**                                      §
13 |                                                          §
14 |          **Plaintiff,**               § **Civil Action #_____**
   |          **v.**                       §
15 | **BANK OF AMERICA, N.A.;**             §          **ORIGINAL COMPLAINT FOR:**
16 | **FANNIE MAE, Federal National Home Mortgage**   § **1. LACK OF STANDING/WRONGFULL FORECLOSE;**
17 |                                       § **2. FRAUD IN THE CONCEALMENT;**
18 |                                       § **3. FRAUD IN THE  INDUCEMENT**
   | **Essex County SHERIFF,  ARMANDO FONTOURA**   § **4. INTENTIONAL INFLICTION OF**
19 | **MERS, Mortgage Electronic Registration Systems** §    **EMOTIONAL DISTRESS**
20 |                                       § **4. DECLARATORY JUDGMENT and**
21 | **Unknown  John Doe 1 to 100, inclusive**   §    **INJUNCTION;**
22 |                                       § **5. SLANDER OF TITLE;**
23 |                                       § **6.  QUIET TITLE;**
   |                                       § **7. DECLARATORY RELIEF**
24 |          **Defendants ,**             § **8.  VIOLATION OF T.I.L.A AND H.O.E.P.A.**
25 |                                       § **9.  VIOLATION OF R.E.S.P.A.**
26 |                                       § **10. RESCISION**
   |                                       § **11. DEMAND FOR JURY TRIAL**

27 | **MARLENE MATURO's Original Complaint for Declaratory Jugment, Injunctive Relief and Quiet Title**
28 | **CONTENTS:  1) CIVIL COVER SHEET**
   |                  **2) SUMMONS**
   |                  **3) COMPLAINT**
   |                  **4) LIS  PENDENS**
   |                  **5) EXHIBITS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW the Plaintiff, MARLENE MATURO ("Plaintiff"), complaining of the Defendants as named above, and each of them, as follows:

### I. THE PARTIES

**1.** Plaintiff, Marlene Maturo, is now, and at all times relevant to this action, a resident at 19 Faber Pl, Township of Nutley, County of ESSEX, State of NEW JERSEY.

**2.** Defendant, BANK of AMERICA, N.A., of 100 N. Tryon St. Charlotte, NC 28255, is a National Banking Association, done business in the County of ESSEX, State of NEW JERSEY. Plaintiff is further informed and believes, and thereon alleges, that BANK OF AMERICA, is NOT the Originator of the loan.

**3.** Defendant, FANNIE MAE, Federal National Mortgage Assoc.(herein referred to as "FANNIE MAE") of 780 3rd Ave. #38, New York, NY, 10017. Plaintiff is informed and believes, and thereon alleges that, Defendant FANNIE MAE IS A FORMERLY PRIVATELY-OWNED CORPORATION THAT WENT INTO CONSERVATORSHIP under the Federal Housing Finance Agency for mismanaging its finances. FANNIE MAE is a corporation, doing business in this State of NEW JERSEY.

**4.** Defendant, Essex County Sheriff of 50 West Market St. Newark, NJ 07102. Plaintiff is informed and believes, and thereon alleges that, Defendant Sheriff of Essex County, is a County government, incorporated in the County of Essex, State of NEW JERSEY and is the purported participant in the imperfect Sheriff's Deed, more particularly described in this Complaint.

**5.** Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., aka MERS, Corp. ("MERS"), Plaintiff is informed and believes, and thereon alleges, that MERS is a corporation duly organized and existing under the laws of NEW JERSEY, whose last known address is 1818 Library Street, Suite 300, Reston, Virginia 20190; website: http://www.mersinc.org. MERS is doing business in the County of ESSEX, State of NEW JERSEY. Plaintiff is further informed and believes, and thereon alleges, that Defendant MERS

1    is the purported Beneficiary under the Mortgage and/or is a purported participant in the
2    imperfect Assignment of the Note and/or the Mortgage, as more particularly described in this
3    Complaint.

4    **6.** At all times relevant to this action, Plaintiff has owned the Property located at 19 Faber
5    Pl. Nutley, NJ 07110 (the "Property").

6    **7.** Plaintiff does not know the true names, capacities, or basis for liability of Defendants
7    sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some
8    manner liable to Plaintiff, or claims some right, title, or interest in the Property. Plaintiff will
9    amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is
10    informed and believes, and therefore alleges, that at all relevant times mentioned in this
11    Complaint, each of the fictitiously named Defendants are responsible in some manner for the
12    injuries and damages to Plaintiff so alleged and that such injuries and damages were
13    proximately caused by such Defendants, and each of them.

14    **8.** Plaintiff is informed and believes, and thereon alleges, that at all times herein
15    mentioned, each of the Defendants were the agents, employees, servants and/or the joint-
16    venturers of the remaining Defendants, and each of them, and in doing the things alleged
17    herein below, were acting within the course and scope of such agency, employment and/or
18    joint venture.

## II. JURISDICTION

22    **9.** The transactions and events which are the subject matter of this Complaint all occurred
23    within the County of ESSEX, State of NEW JERSEY in The United States of America.

24    **10.** The Property is located within the County of ESSEX, State of NEW JERSEY with an
25    address of 19 Faber Pl. Nutley, NJ 07110.

### Federal Jurisdition and Venue

(1) Comes now the Plaintiff Marlene Maturo, with this Original Complaint pursuant to Article 1, §

10(1) First, Fifth, Ninth and Fourteenth Amendments to The Constitution, 28 U.S.C. §§

1331, 1343, 42 U.S.C. § §1983 & 1988(a), and Rule 11(b)(2) of the Federal Rules of Civil Procedure.

1   (2) Each of the Statutes cited above provide this Court with proper subject matter jurisdiction, venue
2   being proper in The United States District Court for the District of New Jersey, because all or most of
    the transactions or occurrences forming the basis for this Complaint, including the banks, bench and bar
3   judicial conspiracy alleged in the formulation and implementation of an unconstitutional application and
4   construction of New Jersey Statutory and Common Law, took place in New Jersey and all of the
    Defendants do business in New Jersey.
5
6   (3) The central questions presented in this case are: (a) under The Constitution and laws of The United
    States, can the Judiciary of any State so construe and apply its laws as to create a system which
7   abrogates due process of law and operates to impair the obligations and rights of contract? (b) have the
8   Courts of New Jersey done precisely this in the field of residential mortgage foreclosure? Does Essex
    County Sheriff, has authority to deed a property to Fannie Mae without the Due process of law?
9

10

11

12                              ### III. **INTRODUCTORY ALLEGATIONS**

13      **11.** This is an action brought by Plaintiff for declaratory judgment, injunctive and

14   equitable relief, Quiet Title and for compensatory, and punitive damages.

15      **12.** Plaintiff, homeowner, disputes the title and ownership of the real property in question

16   (the "Home"), which is the subject of this action, in that the originating mortgage lender, and

17   others alleged to have ownership of Plaintiff's mortgage Note and/or Mortgage, have

18   unlawfully sold, assigned and/or transferred ownership and security interest in a Promissory

19   Note and Mortgage related to my Property, and, thus, do not have lawful ownership or a

20   security interest in Plaintiff's Home which is described in detail herein. For these reasons, the

21   Court should Quiet Title the property back in Plaintiff's name.

22      **13.** Additionally, Plaintiff homeowner brings causes of action against all defendants for

23   fraud, intentional infliction of emotional distress, rescission, declaratory relief, concealment

24   and inducement based on violations of T.I.L.A., R.E.S.P.A., and H.O.E.P.A, upon the facts

25   and circumstances surrounding Plaintiff's original loan transaction given a loan to a non-

26   working widow knowing or should have known that I will never be able to repay such loan and

27   loan terms never disclosed to me and stolen of my house in Sheriff's sale, with the complicity

28   and consent of the Essex County Sheriff. Defendants' violations of these laws are additional

reasons this Court should quiet title  Plaintiff's property and award damages, rescission,

declaratory judgment, and injunctive relief as requested below.

1

2

## IV. SPECIFIC ALLEGATIONS

3    **14.** On or about NOVEMBER 10, 2006 (hereinafter referred to as "Closing Date") Plaintiff

4    entered into a consumer credit transaction with Stanley Capital Mortgage Company by

5    obtaining a $360,000.00 mortgage loan secured by Plaintiff's principal residence, (Subject

6    Property). This note was secured by a First Mortgage on the Property in favor of MERS,

7    Mortgage Electronic Registration Systems, Inc..

8    **15.** Plaintiff's loan was securitized, with the Note not being properly transferred to

9    Defendant, Bank of America, N.A.

10   **16.** As part of the Securitization scam, the banks almost universally separated the

11   promissory note from the Mortgage. Under the common law, the owner of the note has the right

12   to payments on the note, and the owner of the Mortgage has the right to foreclose on the

13   homeowner if the homeowner defaults on the note. Traditionally, before investment banks

14   began securitizing mortgage notes, the holder of the note would universally hold the Mortgage.

15   This made sense because the party with the right to collect payments on the note would want to

16   be able to foreclose using the Mortgage, if the homeowner defaulted.

17   **17.** However, to streamline the securitization process, the investment banks created an

18   entity called Mortgage Electronic Registrations System ("MERS"), who is one of the

19   defendants in this case. The investment banks, in addition to using MERS' electronic database

20   to track the buying, selling, and assignments of securitized mortgage notes (bypassing the

21   county clerks' offices), would transfer mortgages to MERS, thereby separating the Note from

22   the Mortgage. MERS would hold the Mortgage for whoever later claimed to be the "owner" of

23   the homeowners' mortgage Note.

24   **18.** Plaintiff alleges that Defendants, and each of them, cannot show proper receipt,

25   possession, transfer, negotiations, assignment and ownership of the borrower's original

26   Promissory Note and Mortgage, resulting in imperfect security interests and claims.

27   **19.** Plaintiff further alleges that Defendants, and each of them, cannot establish possession

28   and proper transfer and/or indorsement of the Promissory Note and/or proper assignment of the

Mortgage herein; therefore, none of the Defendants have perfected any claim of title or security

interest in the Property. Defendants, and each of them, do not have the ability to establish that

the mortgages that secure the indebtedness, or Note, were legally or properly acquired.

1    **20.** Plaintiff alleges that an actual controversy has arisen and now exists between the
2    Plaintiff and Defendants, and each of them. Plaintiff desires a judicial determination and
3    declaration of its rights with regard to the Property and the corresponding Promissory Note and
4    Mortgage.

5    **21.** Plaintiff also seeks redress from Defendants identified herein for damages, for other
6    injunctive relief, and for cancellation of written instruments based upon:

7    **22.**

8        a.  An invalid and unperfected security interest in Plaintiff's Home hereinafter
9          described;

10        b.  An incomplete and ineffectual perfection of a security interest in Plaintiff's
11          Home;

12    **23.** Plaintiff executed a series of documents, including but not limited to a Note and
13    Mortgage, securing the Property in the amount of note. The original beneficiary and nominee
14    under the Mortgage was M.E.R.S. Mortgage Electronic Registration Systems.

15    **24.** Plaintiff is informed and believes, and thereon alleges, that the purchase mortgage on
16    the Property, the debt or obligation evidenced by the Note and the Mortgage executed by
17    Plaintiff in favour of the original lender and other Defendants, regarding the Property, was not
18    properly assigned and/or transferred to Defendants operating under Federal and New Jersey
19    State law to the entities making and receiving the purported assignments to this
20    Note/Mortgage.

21    **25.** Plaintiff alleges that each Note or Mortgage  had to be indorsed, assigned, or
22    transferred, respectively, to the Note Holder in Due Course. Here, neither the Note and/or the
23    Mortgage, or both, was legally assigned.

24    **26.** Plaintiff further alleges that even if the Mortage Note/Mortgage had been transferred,
25    the transaction is still void as the Note would not have been transferred according to the
26    requirements of a complete and unbroken chain of transfers/assignments to and from each
27    intervening party.

28    **27.** Plaintiff is informed and believes, and thereon alleges, that FANNIE MAE
    fraudulantly acquire possession of my property by a Sheriff's Deed. Plaintiff also alleges that
    the Note was secured by the Mortgage. Plaintiff alleges that as of the date of the filing of this
    Complaint, the Mortgage had not been legally assigned to any other party or entity.

1    **28.** Plaintiff is informed and believes, that Defendant Bank of America, N.A., alleges that
2    it is the "holder and owner" of the Note and the beneficiary of the Mortgage. However, the
3    Note and Mortgage identify the mortgagee and note holder as the original lending institution or
4    Mortgage Originator. Documents state that the original lender allegedly sold the mortgage loan
5    to an investor and if this investor is FANNIE MAE, they did Not initiate the foreclosure
6    complaint.

7    **29.** Plaintiff further alleges that no documents or records can be produced that demonstrate
8    that, the Note was duly indorsed, transferred and delivered to Bank of America or Fannie Mae,
9    including all intervening transfers. Nor can any documents or records be produced that
10    demonstrate that, the Mortgage was duly assigned, transferred and delivered to Bank of
11    America, N.A. or FANNIE MAE.

12    **30.** Plaintiff further alleges that any documents that purport to transfer any interest in the
13    Note to Bank of America or FANNIE MAE, are fraudulent and void as a matter of law.

14    **31.** Plaintiff's debt or obligation to Bank of America and/or FANNIE MAE, did not
15    comply with any NJ State law, and/or othe laws and statutes, and, thus, do not constitute valid
16    and enforceable "True Sale." Any security interest in the Property was, thus, never perfected.
17    The alleged holder of the Note is not the beneficiary of the Mortgage. The alleged beneficiary
18    of Plaintiff's Mortgage does not have the requisite title, perfected security interest or standing
19    to proceed in a foreclosure; and/or is not the real party in interest, or agent or nominee of the
20    real party in interest, with regard to any action taken or to be taken against the Property.

21    **32.** Plaintiff is also informed and believes, and thereon allegess that at all times herein
22    mentioned, and any assignment of a Mortgage without proper transfer of the obligation that it
23    secures is a legal nullity.

24    **33.** In order for any defendant, to have a valid and enforceable secured claim against
25    Plaintiff's Home, the party claiming the right to foreclose must prove and certify to all parties
26    that, among other things:

27        a.  There was a complete and unbroken chain of indorsements and transfers of the
28           Note from and to each party to the transaction; and

        b.  Defendant Bank of America, N.A. had actual physical possession of the Note at
           that point in time, when all indorsements and assignments had been completed.

1
2
3
4
5
6

Absent such proof, Plaintiff alleges that Defendants cannot demonstrate that they had perfected its security interest in Plaintiff's Home that is the subject of this action. Therefore, if the Defendants, and each of them, did not hold and possess the Note at time of Foreclosure complaint, they are estopped and precluded from asserting any secured or unsecured claim in this case, through their agents or otherwise.

7    **34.** Plaintiff is further informed and believes, and thereon alleges, that the transfers and
8    assignments are absolute, were made for valuable consideration, to wit, and were intended by
9    the parties to be a "bona fide" or a "True Sale." Since, as alleged herein below, True Sale did
10   not actually occur, The fact that Defendant Bank of America and other "Big Banks" submit to
11   Fannie Mae toxic loans from the subprime era, doesn't give the right to Fannie Mae to "order"
12   those "Big Banks"to foreclose on induced mortgagor-homeowners and have their homes stolen
13   Plaintiff alleges that the Defendants are estopped and precluded from asserting any secured or
14   unsecured claim in this case.

15   **35.** Plaintiff is informed and believes, and thereon alleges, that the Note in this case and
16   the other mortgage loans, were never actually transferred and delivered by the Mortgage
17   Originator to Defendant Bank of America, N.A..

18   **36.** Based upon the foregoing, Plaintiff is further informed and believes, and thereon
19   alleges, that the following deficiencies exist, in the "True Sale" as to this Mortgage which
20   renders invalid any security interest in the Plaintiff's mortgage, including, but not limited to:

21           a. The splitting or separation of title, ownership and interest in Plaintiff's Note and
22              Mortgage of which the original lender is the holder, owner and beneficiary of
23              Plaintiff's Mortgage;

24

25           b. When the loan was sold to each intervening entity, there were no Assignments
26              of the Mortgage to or from any intervening entity at the time of the sale.
27              Therefore, "True Sales" could not and did not occur;

28

             c. The failure to assign and transfer the beneficial interest in Plaintiff's Mortgage
                to Bank of America and/or FANNIE MAE ;

7

1                    d. The failure to indorse, assign and transfer Plaintiff's Note and/or mortgage to

2                        Defendants Bank of America and/or FANNIE MAE, in accordance with the

3                        Uniform Commercial Code;

4

5                    e. No Assignments of Beneficiary or Indorsements of the Note to each of the

6                        intervening entities in the transaction ever occurred under NEW JERSEY law,

7                        which is conclusive proof that no true sales occurred.

8

9    **37.** Plaintiff, therefore, alleges, upon information and belief, that none of the Defendants in

10  this case, hold a perfected and secured claim in the Property; and that all Defendants are

11  estopped and precluded from asserting an unsecured claim against Plaintiff's estate

12    **38.** Furthermore, the terms of the finance transaction with Stanley Capital Mortgage

13  Company and/or MERS, Mortgage Electronic Registration Systems, Inc. are not clear or

14  conspicuous, nor consistent, and are illegal which violates several statutes and is in essence

15  creates a fraudulent and unenforceable loan. Further, this loan was underwritten without proper

16  due diligence by Stanley Capital Mortgage Company as evidenced by their failure to verify

17  my income utilizing signed IRS Income Tax Disclosure Form 4506T which would have

18  provided my past tax returns. Stanley Capital Mortgage Company also used a "GDW Cost of

19  Savings" as the Index for the basis of this loan. Because the Lender controls this Index and it is

20  directly based upon the average rate of interest, it was not a valid index for the basis of the

21  loan.

22    **39.** In addition, and unbeknownst to Plaintiff, Stanley Capital Mortgage Company

23  illegally, deceptively and/or otherwise unjustly, qualified Plaintiff for a loan which Stanley

24  Capital Mortgage Company knew or should have known that Plaintiff could not qualify for or

25  afford by, for example, the underwriter has approved this loan based upon my credit scores and

26  Stated Income only (famous NINJA and NINA mortgages). Had Stanley Capital Mortgage

27  Company used a more accurate and appropriate factor, such as Tax Forms and a more

28  determinative level of scrutiny of determining comply with the requirement to provide Plaintiff

with a Mortgage Loan Origination Agreement the debt to income ratio, Plaintiff would not

have qualified for the loan in the first place. Consequently, Stanley Capital Mortgage Company

sold Plaintiff a loan product that it knew or should have known would never be able to be fully

8

1  paid back by Plaintiff. Stanley Capital Mortgage Company ignored long-standing economic
2  principals of underwriting and instead, knowingly, liberally, greedily and without any regard
3  for Plaintiff's rights sold Plaintiff a deceptive loan product.

4  **40.** There was no determination of the ability of the borrower to repay the loan, with
5  complete disregard for the Guidance Letters issued by Federal Agencies and even Federal and
6  State Law.

7  **41.** Additionally, Defendants, and each of them, neither explained the workings of the
8  entire mortgage loan transaction, how the rates, finance charges, costs and fees were computed,
9  nor the inherent volatility of the loan product(s) provided by Defendants.

10  **42.** The purpose of entering into the above-described mortgage loan transactions was for
11  Plaintiff to eventually own the Property. That purpose was knowingly and intentionally
12  thwarted and indeed made impossible by Defendants' combined actions as alleged herein.

## V. FIRST CAUSE OF ACTION:

## LACK OF STANDING/WRONGFUL FORECLOSURE

### A.    No Defendant has Standing to Foreclose

20  **43.** Plaintiff re-alleges and incorporatess by reference all preceding paragraphs as though
21  fully set forth herein.

22  **44.** An actual controversy has arisen and now exists between Plaintiff and Defendants
23  specified herein above, regarding their respective rights and duties, in that Plaintiff contends
24  that Defendants, and each of them, do not have the right to foreclose on the Property because
25  Defendants, and each of them, have failed to perfect any security interest in the Property, or
26  cannot prove to the court they have a valid interest as a real party in interest to foreclose. Thus,
27  the purported power of sale, or power to foreclose judicially, by the above specified
28  Defendants, and each of them, no longer applies.

**45.** Plaintiff further contends that the above specified Defendants, and each of them, do not
have the right to foreclose on the Property because said Defendants, and each of them  falsely

9

1  or fraudulently prepared documents required for Defendants, and each of them, to foreclose as
2  a calculated and fraudulent business practice.

3  **46.** Plaintiff requests that this Court find that the purported power of sale contained in the
4  Note and Mortgage had no force and effect at time of Sheriff sale, because Defendants' actions
5  in the processing, handling and foreclosure of this loan involved numerous fraudulent, false,
6  deceptive and misleading practices, including, but not limited to, violations of State laws
7  designed to protect consumers, which has directly caused Plaintiff to be at an equitable
8  disadvantage to Defendants, and each of them. Plaintiff further requests that title to the
9  Property remain in her name, with said Mortgage remaining in beneficiaries' name, during the
10  pendency of this litigation, and deem that sale of the Property be vacated as it was "unlawful
11  and void".

12  **47.** Plaintiff is informed and believes, and thereon alleges, that in order to conduct a
13  foreclosure action, a person or entity must have standing.

14  **48.** Plaintiff is informed and believes, and thereon alleges, that, to perfect the transfer of
15  mortgage paper as collateral, the owner should physically deliver the note to the transferee.
16  Without physical transfer, the sale of the note is invalid as a fraudulent conveyance or as
17  unperfected.

18  **49.** The Note in this action identifies the entity to whom it was payable, the original lender.
19  Therefore, the Note herein cannot be transferred unless it is indorsed; the attachments to the
20  notice of default do not establish that indorsements were made, nor are there any other notices
21  which establish that the original lender indorsed and sold the note to another party.

22  **50.** Furthermore, insofar as the parties to Plaintiff's Note and Mortgage base their claim
23  that the Note was transferred or assigned to Defendant BANK of AMERICA, by the original
24  lender, Stanley Capital Mortgage Company, **it is well established state and Federal law that**
25  **the assignment of a Mortgage does not automatically assign the underlying promissory**
26  **Note and right to be paid and the security interest is incident of the debt.**

27  **51.** Pursuant to federal and state law, to perfect the transfer of mortgage papers as
28  collateral for a debt, the owner should physically deliver the Note to the transferee. Without
physical transfer, the sale of the note is invalid as a fraudulent conveyance, or as unperfected.
The Note herein specifically identifies the party to whom it was payable to and the Note,
therefore, cannot be transferred unless it is indorsed.

1    **52.** Defendants, and each of them, cannot produce any evidence that the Promissory Note
2    has been transferred. The Promissory Note and Mortgage are inseparable: an assignment of the
3    Note carries the mortgage with it, while an assignment of the Mortgage alone is a nullity.
4    Therefore, if one party receives the Note and another party receives the Mortgage (as in this
5    case), the holder of the Note prevails regardless of the order in which the interests were
6    transferred.

7    **53.** Any attempt to transfer the beneficial interest of the Mortgage without actual ownership
8    of the underlying Note, is void under law. Therefore, Defendants, Bank of America and/or
9    FANNIE MAE, cannot establish that it is entitled to assert a claim in this case. For this reason,
10   as well as the other reasons set forth herein below, Bank of America and/or FANNIE MAE
11   cannot transfer an interest in real property, and cannot recover anything from Plaintiff.

12   **54.** Defendants, and each of them, through the actions alleged above, have or claim the
13   right to illegally commence foreclosure under the Note on the Property via a foreclosure action
14   supported by false or fraudulent documents. Said unlawful foreclosure action has caused and
15   continues to cause Plaintiff's great and irreparable injury in that real property is unique.

16   **55.** The wrongful conduct of the above specified Defendants, and each of them, unless
17   restrained and enjoined by an Order of the Court, will continue to cause great and irreparable
18   harm to Plaintiff. Plaintiff was precluded of the beneficial use and enjoyment of my Home and
19   will lose the Property in eviction, unless restrained and enjoined by an Order of this Court.

20   **56.** Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed
21   for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff.
22   Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful
23   conduct is restrained and enjoined because real property is inherently unique and it will be
24   impossible for Plaintiff to determine the precise amount of damage it will suffer.

25   **57.** Pursuant to N.J.2A:62-1 – By person in peaceable possession, a person in the peaceable
26   possession of lands in this state and claiming ownership thereof, may, when his title thereto, or
27   any part thereof, is denied or disputed, or any other person claims or is claimed to own the
28   same or any part thereof or interest therein, or to hold a lien or encumbrance thereon and when
     no action is pending to enforce or test the validity of such title, claim or encumbrance maintain
     an action in the Superior Court to settle the title to such lands and to clear up all doubts and
     disputes concerning the same.

---

11
**COMPLAINT**

1
2
3
4

## VI. SECOND CAUSE OF ACTION:
## FRAUD IN THE CONCEALMENT

**58.** Plaintiff re-alleges and incorporatess by reference all preceding paragraphs as though fully set forth herein.

**59.** Defendants concealed the fact that: (1) Financial Incentives were paid; (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition Provisions. Defendants concealed the fact that Borrower's loan changed in character inasmuch as no single party would hold the Note. Changing the character of the loan in this way had a materially negative effect on Plaintiff that was known by Defendant but not disclosed.

**60.** Defendant knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the Loan.

**61.** Defendants intended to induce Plaintiff based on these misrepresentations and improper disclosures.

**62.** Plaintiff's reasonable reliance upon the misrepresentations was detrimental. But for failure to disclose the true and material terms of the transaction, Plaintiff could have been alerted to issues of concern. Plaintiff would have known of Defendants true intentions and profits from the proposed risky loan. Plaintiff would have known that the actions of Defendants would have an adverse effect on the value of Plaintiff's home.

**63.** Defendants' failure to disclose the material terms of the transaction induced Plaintiff to enter into the loans and accept the Services as alleged herein.

**64.** Defendants were aware of the misrepresentations and profited from them.

**65.** As a direct and proximate result of the misrepresentations and concealment Plaintiff was damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Plaintiff's financial security, emotional distress, and Plaintiff has incurred costs and Court fees.

**66.** Defendants are guilty of malice, fraud and/or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in

1  addition to actual damages, punitive damages to punish Defendants and to deter them from
2  engaging in future misconduct.

3
4
5                        **VII. THIRD CAUSE OF ACTION:**
6                        **FRAUD IN THE INDUCEMENT**
7

8      **67.** Plaintiff re-alleges and incorporatess by reference all preceding paragraphs as though
9  fully set forth herein.

10     **68.** Defendants, intentionally misrepresented to Plaintiff those Defendants were entitled to
11 exercise the power of sale provision contained in the Mortgage. In fact, Defendants were not
12 entitled to do so and have no legal, equitable, or actual beneficial interest whatsoever in the
13 Property.

14     **69.** Defendants misrepresented that they are the "holder in due course and owner" of the
15 Note and the beneficiary of the Mortgage. However, this was not true and was a
16 misrepresentation of material fact. Documents state that the original lender allegedly assigned
17 the mortgage to MERS. Defendants were attempting to collect on a debt to which they have no
18 legal, equitable, or pecuniary interest in. This type of conduct is outrageous. Defendants are
19 fraudulently foreclosing on the Property which they have no monetary or pecuniary interest.
20 This type of conduct is outrageous.

21     **70.** Defendant's failure to disclose the material terms of the transaction induced Plaintiff to
22 enter into the loans and accept the Services as alleged herein.

23     **71.** The material misrepresentations were made by Defendants with the intent to cause
24 Plaintiff to reasonably rely on the misrepresentation in order to induce the Plaintiff to rely on
25 the misrepresentations and foreclosure on the Property. This material misrepresentation was
26 made with the purpose to profit from the sale of the Property.

27     **72.** Defendants were aware of the misrepresentations and profited from them.

28     **73.** As a direct and proximate result of the misrepresentations and concealment, Plaintiff
   was damaged in an amount to be proven at trial, including but not limited to costs of Loan,
   damage to Plaintiff's financial security, emotional distress, and Plaintiff has incurred costs and
   Court fees.

                                    13

1    **74.** Defendants are guilty of malice, fraud and/or oppression. Defendants' actions were

2    malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that

3    the actions were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in

4    addition to actual damages, punitive damages to punish Defendants and to deter them from

5    engaging in future misconduct.

6                        **VIII. FOURTH CAUSE OF ACTION:**

7            **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

8

9    **75.** Plaintiff re-alleges and incorporatess by reference all preceding paragraphs as though

10   fully set forth herein.

11   **76.** Defendants's actions, as set forth herein, have resulted in Plaintiff being threatened

12   with the loss of my Property in a wrongfull foreclose sheriff sale and subsequent  unlawfull

13   deed of property by the Essex County Sheriff to defendant FANNIE MAE and its atempt to

14   eviction.

15   **77.** This outcome has been created without any right or privilege on the part of the

16   Defendants, and, as such, their actions constitute outrageous or reckless conduct on the part of

17   Defendants.

18   **78.** Defendants intentionally, knowingly and recklessly misrepresented to the Plaintiff

19   those Defendants were entitled to exercise the power of sale provision contained in the

20   Mortgage. In fact, Defendants were not entitled to do so and have no legal, equitable, or actual

21   beneficial interest whatsoever in the Property.

22   **79.** Defendants' conduct – fraudulently foreclose or claimed the right to foreclose on a

23   property in which they have no right, title, or interest – is so outrageous and extreme that it

24   exceeds all bounds which is usually tolerated in a civilized community.

25   **80.** Such conduct was undertaken with the specific intent of inflicting emotional distress

26   on the Plaintiff, such that Plaintiff would be so emotionally distressed and debilitated that I've

27   been unable to exercise my legal rights in the Property; the right to title of the Property, the

28   right to cure the alleged default, right to verify the alleged debt that Defendants were

attempting to collect, and right to clear title to the Property such that said title will regain its

marketability and value.

1   **81.** At the time Defendants began their fraudulent foreclosure proceedings, Defendants

2   were not acting in good faith while attempting to collect on the subject debt. Defendants, and

3   each of them, committed the acts set forth above with complete; utter and reckless disregard of

4   the probability of causing Homeowner to suffer severe emotional distress.

5   **82.** As an actual and proximate cause of Defendants' act to fraudulently foreclose on

6   Plaintiff's home or claim of the right to foreclose on Plaintiff's home, the Plaintiff has suffered

7   severe emotional distress, including but not limited to lack of sleep, anxiety, and depression.

8   **83.** Plaintiff did not default in the manner stated in the Notice of Default, yet because

9   Defendants' outrageous conduct, Plaintiff have been living under the constant emotional

10   nightmare of losing the Property.

11   **84.** As a proximate cause of Defendants' conduct, Plaintiff has experienced many sleepless

12   nights, severe depression, lack of appetite, and loss of peacefull living in my own home.

13   **85.** The conduct of Defendants, and each of them, as herein described, was so vile, base,

14   contemptible, miserable, wretched, and loathsome that it would be looked down upon and

15   despised by ordinary people. Plaintiff is therefore entitled to punitive damages in an amount

16   appropriate to punish Defendants and to deter other from engaging in similar conduct.

17

18   ## IX. FIFTH CAUSE OF ACTION:

19   ## SLANDER OF TITLE

20

21   **86.** Plaintiff re-alleges and incorporatess by reference all preceding paragraphs as though

22   fully set forth herein.

23   **87.** Plaintiff incorporates here each and every allegation set forth above. Defendants, and

24   each of them, disparaged Plaintiffs exclusive valid title by and through the preparing, posting,

25   publishing, and recording of the documents previously described herein, including, but not

26   limited to, the Notice of Default, Notice of Sheriffs Sale, Sheriff's Dee to a non-party to the

27   transactio (FANNIE MAE) and susequend filed after-Sheriff's Deeed-to- Defendant FANNIE

28   MAE , of a fraudulent Assignment from Defendant Bank of America to FANNIE MAE, and

the documents evidencing the commencment of judicial foreclosure by a party who does not

possess that right (Defendant Bank of America).

**COMPLAINT**

1    **88.** Said Defendants knew or should have known that such documents were improper in
2    that at the time of the execution and delivery of said documents, Defendants had no right, title,
3    or interest in the Property. These documents were naturally and commonly to be interpreted as
4    denying, disparaging, and casting doubt upon Plaintiff's legal title to the Property. By posting,
5    publishing, and recording said documents, Defendants' disparagement of Plaintiff's legal title
6    was made to the world at large.

7    **89.** As a direct and proximate result of Defendants' conduct in publishing these documents,
8    Plaintiff's title to the Property has been disparaged and slandered, and there is a cloud on
9    Plaintiff's title, and Plaintiff has suffered, and continues to suffer, damages in an amount to be
10   proved at trial.

11   **90.** As a further proximate result of Defendants' conduct, Plaintiff has incurred expenses in
12   order to clear title to the Property. Moreover, these expenses are continuing, and Plaintiff will
13   incur additional charges for such purpose until the cloud on Plaintiff's title to the property has
14   been removed. The amounts of future expenses and damages are not ascertainable at this time.

15   **91.** As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered
16   humiliation, mental anguish, anxiety, depression, and emotional and physical distress, resulting
17   in the loss of sleep and other injuries to my health and well-being, and continue to suffer such
18   injuries on an ongoing basis. The amount of such damages shall be proven at trial.

19   **92.** At the time that the false and disparaging documents were created and published by the
20   Defendants, Defendants knew the documents were false and created and published them with
21   the malicious intent to injure Plaintiff and deprive them of their exclusive right, title, and
22   interest in the Property, and to obtain the Property for their own use by unlawful means.

23   **93.** The conduct of the Defendants in publishing the documents described above was
24   fraudulent, oppressive, and malicious. Therefore, Plaintiff is entitled to an award of punitive
25   damages in an amount sufficient to punish Defendants for their malicious conduct and deter
26   such misconduct in the future.

27

28

**COMPLAINT**

1

2

# X. **SIXTH CAUSE OF ACTION:**

## **QUIET TITLE**

3  **94.** Plaintiff's title to the above-described property is derived as follows: On or about

4  NOVEMBER 10, 2006 (hereinafter referred to as "Closing Date") Plaintiff entered into a

5  consumer credit transaction with Stanley Capital Mortgage Company by obtaining a

6  $360,000.00 mortgage loan secured by Plaintiff's principal residence, (Subject Property). This

7  note was secured by a Mortgage on the Property in favor of MERS, Mortgage Registration

8  Electronic Systems, Inc..

9  **95.** All Defendants named herein claim an interest and estate in the property adverse to

10  plaintiff in that defendant Bank of America and/or FANNIE MAE,  asserts it is the owner of

11  the Note secured by the Mortgage to the property the subject of this suit.

12  **96.** All Defendants named herein claims an interest and estate in the property adverse to

13  plaintiff in that defendant Bank of America and/or FANNIE MAE, asserts they are the owners

14  of Mortgage securing the note to the property the subject of this suit.

15  **97.** The claim of all defendants are without any right whatsoever, and defendants have no

16  right, estate, title, lien or interest in or to the property, or any part of the property.

17

18  **98.** The claim of all defendant herein named, and each of them, claim some estate, right,

19  title, lien or interest in or to the property adverse to plaintiff's title, and these claims constitute a

20  cloud on plaintiff's title to the property.

21  **99.** Plaintiff, therefore, alleges, upon information and belief, that none of the Defendants in

22  this case, hold a perfected and secured claim in the Property; and that all Defendants are

23  estopped and precluded from asserting any secured/unsecured claim against Plaintiff's estate.

24  **100.**      Plaintiff requests the decree permanently enjoin defendants, and each of them,

25  and all persons claiming under them, from asserting any adverse claim to plaintiff's title to the

26  property; and

27  **101.**      Plaintiff request the court cancel any current or future eviction, vacate Sheriff's

28  sale and award plaintiff costs of this action, and such other relief as the court may deem proper.

1
2
3

# XI. SEVENTH CAUSE OF ACTION:
## DECLARATORY RELIEF

4   **102.**   Plaintiff re-alleges and incorporatess by reference all preceding paragraphs as
5   though fully set forth herein.

6   **103.**   An actual controversy has arisen and now exists between Plaintiff and
7   Defendants concerning their respective rights and duties regarding the Note and Mortgage.

8   **104.**   Plaintiff contends that pursuant to the Loan, Defendants do not have authority to
9   foreclose upon and sold the Property.

10   **105.**   Plaintiff is informed and believes and upon that basis alleges that Defendants
11   dispute Plaintiff's contention and instead contend they may properly foreclose upon the
12   Property.

13   **106.**   Plaintiff therefore request a judicial determination of the rights, obligations and
14   interest of the parties with regard to the Property, and such determination is necessary and
15   appropriate at this time under the circumstances so that all parties may ascertain and know their
16   rights, obligations and interests with regard to the Property.

17   **107.**   Plaintiff requests a determination of the validity of the Mortgage as of the date
18   the Notes were assigned without a concurrent assignation of the underlying Mortgage.

19   **108.**   Plaintiff requests a determination of the validity of the NOD (Notice Of
20   Default).

21   **109.**   Plaintiff requests a determination of whether Defendant Bank of America, had
22   authority to foreclose on the Property.

23   **110.**   Plaintiff requests a determination of whether Defendant Essex County Sheriff
24   had the legal right to deed my property to FANNIE MAE, without the legal due process of
25   law, and subsequent ilegal assignment  from Bank of America to FANNIE MAE, after Sheriff
26   sale

27   **111.**   Plaintiff requests all adverse claims to the real property must be determined by a
28   decree of this court.

**112.**   Plaintiff requests the decree declare and adjudge vacate Sheriff's sale and that
plaintiff is entitled to the exclusive possession of the property.

1   **113.**    Plaintiff requests the decree declare and adjudge vacate any current or future
2   eviction and that plaintiff owns in fee simple, and is entitled to the quiet and peaceful
3   possession of, the above-described real property.

4   **114.**    Plaintiff requests the decree declare and adjudge that defendants, and each of
5   them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to
6   the real property or any part of the property.

7                             **XII. EIGHTH CAUSE OF ACTION:**

8   **VIOLATION OF TILA AND HOEPA, 15 U.S.C. § 1601, ET. SEQ.**

9

10   **115.**    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as
11   though fully set forth herein.

12   **116.**    Plaintiff alleges that the loan that is the subject matter of this complaint was and
13   is a consumer-credit transaction within the meaning of TILA and HOEPA.

14   **117.**    Defendants violated TILA/HOEPA by failing to provide Plaintiff with accurate
15   material disclosures required under TILA/HOEPA and not taking into account the intent of the
16   State Legislature in approving this statute which was to fully inform home buyers of the pros
17   and cons of adjustable rate mortgages in a language (both written and spoken) that they can
18   understand and comprehend; and advise them to compare similar loan products with other
19   lenders. It also requires the lender to offer other loan products that might be more
20   advantageous for the borrower under the same qualifying matrix.

21   **118.**    Any and all statute[s] of limitations relating to disclosures and notices required
22   pursuant to 15 U.S.C. § 1601, et.seq. were tolled due to Defendants' failure to effectively
23   provide the required disclosures and notices.

24   **119.**    As a further direct and proximate result of defendants' conduct, Plaintiff lost
25   substantial equity in his home, in that they were unable to refinance when his home had a
26   higher appraisal value.

27   **120.**    As a direct and proximate result of defendants' conduct, Plaintiff was unable to
28   refinance his home noroffer by Defendant Bank of America to obtain any modification of their
loan, which has resulted in Plaintiff being permanently burdened by the fraudulent loan made
by defendants.

1    **121.**    An actual controversy now exists between Plaintiff, who contends he has the

2    right to rescind the loan on the Subject Property alleged in this Complaint, and based on

3    information and belief, Defendants deny that right.

4    **122.**    As a direct and proximate result of Defendants' violations Plaintiff have

5    incurred and continue to incur damages in an amount according to proof but not yet ascertained

6    including without limitation, statutory damages and all amounts paid or to be paid in

7    connection with the transaction.

8    **123.**    Defendants were unjustly enriched at the expense of Plaintiff who is therefore

9    entitled to equitable restitution and disgorgement of profits obtained by Defendants.

10   **124.**    Defendants' actions in this matter have been willful, knowing, malicious,

11   fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to

12   punish Defendants and to deter others from engaging in the same behavior.

13

14

15

16

17

18   ### XIII. <u>NINTH CAUSE OF ACTION:</u>

19   <u>VIOLATION OF RESPA, 1 U.S.C. § 2601 ET. SEQ.</u>

20

21   **125.**    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

     though fully set forth herein.

22

23   **126.**    The loan to Plaintiff was a federally regulated mortgage loan as defined in

     RESPA.

24

25   **127.**    Housing and Urban Development's (HUD's) 1999 Statement of Policy

     established a two-part test for determining the legality of lender payments to mortgage brokers

26   for table funded transactions and intermediary transactions under RESPA:

27
     a) Whether goods or facilities were actually furnished or services were actually performed

28        for the compensation paid and;

     b) Whether the payments are reasonably related to the value of the goods or facilities that

        were actually furnished or services that were actually performed.

---

20

**COMPLAINT**

1    **128.**    In applying this test, HUD believes that total compensation should be scrutinized to
2    assure that it is reasonably related to the goods, facilities, or services furnished or performed to
3    determine whether it is legal under RESPA. The interest and income that Defendants have
4    gained is disproportionate to the situation Plaintiff find themselves in due directly to
5    Defendant's failure to disclose that they will gain a financial benefit while Plaintiff suffer
6    financially as a result of the loan product sold to Plaintiff.

7    **129.**    No separate fee agreements, regarding the use of Stanley Capital Mortgage
8    Company "Cost of Savings" as the Index for the basis of this loan, Disclosures of additional
9    income due to interest rate increases or the proper form and procedure in relation to the
10   Borrower's Rights to Cancel were provided.

11   **130.**    Defendants violated RESPA because the payments between the Defendants were
12   misleading and designed to create a windfall. These actions were deceptive, fraudulent and
13   self-serving.

14   **131.**    As a proximate result of Defendants' actions, Plaintiff has been damages in an
15   amount not yet ascertained, to be proven at trial.

16                    # XIV. TENTH CAUSE OF ACTION:
17                    ## RESCISSION

18

19   **132.**    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though
20   fully set forth herein.

21   **133.**    Plaintiff is entitled to rescind the loan and all accompanying loan documents for all
22   of the foregoing reasons: 1) TILA Violations; 2) Failure to provide a Mortgage Loan
23   Origination Agreement; 3) Fraudulent Concealment; 4) Fraudulent Inducement; ; 5) making
24   illegal or fraudulent transfers of the note and Mortgage; and 5) Public Policy Grounds, each of
25   which provides independent grounds for relief.

26   **134.**    The Truth In Lending Act, 15 U.S.C §1601, et.seq. extends Plaintiff's right to
27   rescind a loan to three years from the date of closing if the borrower received false or
28   incomplete disclosures of either the loans terms or Borrower's right to rescind. Here,
     Defendants have failed to properly disclose the details of the loan. Specifically, the initial
     disclosures do not initial TILA disclosures, and lack of diligence and collusion on the part of
     the broker, lender and underwriter to place Plaintiff in a loan he could not afford and would

21
**COMPLAINT**

1 | disclosures do not initial TILA disclosures, and lack of diligence and collusion on the part of
2 | the broker, lender and underwriter to place Plaintiff in a loan he could not afford and would
3 | ultimately benefit Defendants following the negative amortization that accrued.

4 | **135.** The public interest would be prejudiced by permitting the alleged contract to stand;
5 | such action would regard an unscrupulous lender.

6 | **136.** As a proximate result of Defendants' actions, Plaintiff has been damaged in an
7 | amount not yet ascertained, to be proven at trial.

8 | WHEREFORE, Plaintiff prays for rescission of the stated loan in its entirety.

10 | ## XV. DEMAND FOR JURY TRIAL and  PRAYER FOR RELIEF

12 | WHEREFORE Plaintiff, Demands for Jury Trial and ask for the following for each Cause
13 | of Action to be awarded:

14 | ### FIRST CAUSE OF ACTION - STANDING

15 | 1. For Compensatory Damages to Plaintiff in an amount to be determined by proof at trial,
16 | not less than $500,000.00;

17 | 2. For Punitive Damages as allowed by law, not less than $5,000,000.00;

18 | 3. For Restitution as allowed by law;

19 | 4. For Costs of this action;

20 | 5. For Declaratory Relief, including but not limited to the following Decrees of this Court
21 | that:

22 | a. Plaintiff is the prevailing party;

23 | b. The Defendants have no enforceable secured or unsecured claim against the
24 | Property;

25 | c. The Mortgage Originator has no enforceable secured or unsecured claim against
26 | the Property;

27 | d. Determines all adverse claims to the real property in this proceeding;

28 | e. Plaintiff is entitled to the exclusive possession of the property;

f. Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession
of, the above-described real property.

22

**COMPLAINT**

## SECOND CAUSE OF ACTION – FRAUD IN THE CONCEALMENT

1. For Compensatory Damages in an amount to be determined by proof at trial, not less than $500,000.00;

2. For Punitive Damages as allowed by law, not less than $5,000,000.00;

3. For Restitution as allowed by law;

## THIRD CAUSE OF ACTION – FRAUD IN THE INDUCEMENT

1. For Compensatory Damages in an amount to be determined by proof at trial, not less than $500,000.00;

2. For Punitive Damages as allowed by law, not less than $5,000,000.00;

3. For Restitution as allowed by law;

## FOURTH CAUSE OF ACTION – I.I.E.D.

1. For Compensatory Damages in an amount to be determined by proof at trial, not less than $500,000.00;

2. For Punitive Damages as allowed by law, not less than $5,000,000.00;

3. For Restitution as allowed by law;

## FIFTH CAUSE OF ACTION – SLANDER OF TITLE

1. For Compensatory Damages in an amount to be determined by proof at trial, not less than $500,000.00;

2. For Punitive Damages as allowed by law, not less than $5,000,000.00;

3. For Restitution as allowed by law;

4. For Costs of this action;

5. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a. Plaintiff, Plaintiff is the prevailing party;

    b. The Defendants have no enforceable secured or unsecured claim against the Property;

    c. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

    d. Determines all adverse claims to the real property in this proceeding;

    e. Plaintiff is entitled to the exclusive possession of the property;

      f.  Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

      g.  Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## SIXTH CAUSE OF ACTION – QUIET TITLE

1. For Compensatory Damages in an amount to be determined by proof at trial, not less than $500,000.00;

2. For Punitive Damages as allowed by law, not less than $5,000,000.00;

3. For Restitution as allowed by law;

4. For Costs of this action;

5. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

      a.  Plaintiff, Plaintiff is the prevailing party;

      b.  The Defendants have no enforceable secured or unsecured claim against the Property;

      c.  The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

      d.  Determines all adverse claims to the real property in this proceeding;

      e.  Plaintiff is entitled to the exclusive possession of the property;

      f.  Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

      g.  Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## SEVENTH CAUSE OF ACTION – DECLARATORY RELIEF

1. For Compensatory Damages in an amount to be determined by proof at trial, not less than $500,000.00;

2. For Punitive Damages as allowed by law, not less than $5,000,000.00;

3. For Restitution as allowed by law;

4. For Costs of this action;

24

5. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a. Plaintiff, Plaintiff is the prevailing party;

    b. The Defendants have no enforceable secured or unsecured claim against the Property;

    c. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

    d. Determines all adverse claims to the real property in this proceeding;

    e. Plaintiff is entitled to the exclusive possession of the property;

    f. Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

    g. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## EIGHTH CAUSE OF ACTION – VIOLATION OF T.I.L.A.

1. For Compensatory Damages in an amount to be determined by proof at trial, not less than $500,000.00;

2. For Punitive Damages as allowed by law, not less than $5,000,000.00;

3. For Restitution as allowed by law;

4. For Costs of this action;

5. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a. Plaintiff, Plaintiff is the prevailing party;

    b. The Defendants have no enforceable secured or unsecured claim against the Property;

    c. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

    d. Determines all adverse claims to the real property in this proceeding;

    e. Plaintiff is entitled to the exclusive possession of the property;

    f. Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

g. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

### NINTH CAUSE OF ACTION – VIOLATION OF R.E.S.P.A.

1. For Compensatory Damages in an amount to be determined by proof at trial, not less than $500,000.00;

2. For Punitive Damages as allowed by law, not less than $5,000,000.00;

3. For Restitution as allowed by law;

4. For Costs of this action;

5. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

   a. Plaintiff, Plaintiff is the prevailing party;

   b. The Defendants have no enforceable secured or unsecured claim against the Property;

   c. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

   d. Determines all adverse claims to the real property in this proceeding;

   e. Plaintiff is entitled to the exclusive possession of the property;

   f. Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

   g. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

### TENTH CAUSE OF ACTION - RESCISSION

1. For Compensatory Damages in an amount to be determined by proof at trial, not less than $500,000.00;

2. For Punitive Damages as allowed by law not less than $5,000,000.00;

3. For Restitution as allowed by law;

4. For Costs of this action;

5. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a. Plaintiff, Plaintiff is the prevailing party;

    b. The Defendants have no enforceable secured or unsecured claim against the Property;

    c. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

    d. Determines all adverse claims to the real property in this proceeding;

    e. Plaintiff is entitled to the exclusive possession of the property;

    f. Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

    g. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

## CERTIFICATION BY PLAINTIFF PURSUANT TO RULE 11(b)(2) of THE FEDERAL RULES OF CIVIL PROCEDURE

(B) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written original Complaint, by signing, filing, submitting, or later advocating it- Plaintiff, an unrepresented party certifies that to the best of her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a no frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

Dated: __/__ /_18_, 2016

                                    *Marlene Maturo*

                                  MARLENE MATURO, Plaintiff Pro Se