UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARLENE MATURO,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | Civil Action No. 16-0350 (CCC)<br><br>ORDER AND OPINION |

**THIS MATTER** comes before the Court upon motion by *pro se* Plaintiff Marlene Maturo to Strike Defendants Bank of America, N.A., Federal National Mortgage Association, and Mortgage Electonic Registration Systems, Inc.'s (collectively referred to as "Defendants") Motion to Dismiss, Request for Discovery, Subpoena Essex County Sherrif Armando Fontoura, Request for Pre-Trial Hearing and a Temporary Restraining Order (the "Motion to Strike"). [Docket Entry No. 14]. Defendants have opposed the motion. The Court considers the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth more fully below, Plaintiff's Motion to Strike is **DENIED** in its entirety.

## Background

Plaintiff filed her Complaint in the underlying action on January 19, 2016 seeking to overturn the foreclosure and Sherriff's Sale of the property located at 19 Faber Pl., Nutley, New Jersey 07110. [Docket Entry No. 1]. On March 23, 2016, Defendants filed their application for an extension of time to answer, move, or otherwise respond to the Complaint. [Docket Entry No. 7]. This application was granted by the Clerk of the Court on March 29, 2016, providing Defendants until April 15, 2016. [Docket Entry No. 7]. On April 15, 2016, Defendants filed

their Motion to Dismiss. Plaintiff failed to oppose that motion, instead choosing to file the instant Motion to Strike.

## Analysis

At the outset, the Court notes that Plaintiff's Motion to Strike is more akin to an opposition to Defendants' Motion to Dismiss rather than a motion itself. Plaintiff simply reiterates the same allegations made in her Complaint. Nevertheless, the Court will address each of Plaintiff's requests in turn.

### I. *Motion to Strike Plaintiff's Motion to Dismiss*

Plaintiff's motion to strike, in and of itself, is without merit. Federal Rule of Civil Procedure 12(f) states, in relevant part, that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike serve "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa.2002); *Sepracor Inc. v. Dey, L.P.*, No. 06-113-JJF, 2008 U.S. Dist. LEXIS 74193 at *2 (D. Del. Sept. 26, 2008). Motions to strike are generally disfavored and ordinarily are denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *McInerney*, 244 F.Supp.2d at 402. Defendants' response to Plaintiff's Complaint in the form of a motion to dismiss was proper, timely, and permissible under the rules and does not justify an application under Fed. R. Civ. P. 12(f). Accordingly, Plaintiff's request to strike Defendants' motion to dismiss is DENIED.

### II. *Plaintiff's Requests for Discovery and for a Pretrial Conference*

In her motion, Plaintiff broadly requests discovery and seeks to serve a subpoena on Essex County Sheriff Armando Fontoura. Plaintiff has also requested a pretrial conference.

Pursuant to Federal Rule of Civil Procedure 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  As Plaintiff's request for discovery has not been authorized by this Court or otherwise, and Defendant's Motion to Dismiss is still pending, Plaintiff's requests for discovery and for a pretrial conference are DENIED as premature.  Plaintiff may renew her requests in the event her claims survive the pending Motion to Dismiss.

      III.     *Plaintiff's Request for a Temporary Restraining Order*

In her motion, Plaintiff requests a temporary restraining order "to maintain the status quo."  Plaintiff provides no other information in furtherance of her request in her motion.  She does not explain why such restraints are needed or specify what restraints she is requesting.  Moreover, in their briefs, Defendants represent that Plaintiff's motion to vacate the Sherriff's sale was denied and the property has already been sold.  The Court is thus unclear as to what relief the Plaintiff is seeking.  As such, Plaintiff's vague request for a temporary restraining order is **DENIED**, without prejudice.  Plaintiff may re-file her request, providing additional information regarding the specific restraints she is seeking.

For the reasons stated above,

**IT IS** on this **25th** day of **October, 2016,**

**ORDERED** that Plaintiff's Motion to Strike Defendants' Motion to Dismiss, Request for Discovery, Subpoena Essex County Sherrif Armando Fontoura, Request for Pre-Trial Hearing and a Temporary Restraining Order is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall terminate the motion at Docket Entry No. 14.

 s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**