**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARLENE MATURO,<br><br>               Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND UNKNOWN JOHN DOE 1 TO 100, INCLUSIVE,<br><br>               Defendants. | Civil Action No.: 16-350 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

## I.      INTRODUCTION

      This matter comes before the Court by way of the motion filed by Defendants Bank of America, N.A. ("BANA"), Federal National Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") to dismiss *pro se* Plaintiff Marlene Maturo's ("Plaintiff") Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 13.  Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332. Venue is proper pursuant to 28 U.S.C. § 1391.  No oral argument was heard pursuant to Federal Rule of Civil Procedure 78.  For the reasons discussed below, Defendants' motion to dismiss is **GRANTED**.

## II.    BACKGROUND

The following facts are accepted as true for purposes of the instant motion.[1] On November 10, 2006, Plaintiff executed a promissory note (the "Note") in exchange for a loan in the amount of $360,000.00 (the "Loan") in favor of Stanley Capital Mortgage Company ("Stanley"), not a party to this suit. See Complaint ("Compl.") ¶ 14, ECF No. 1; see also Saydah Decl. ¶ 3, Ex. A, ECF No. 13-2 at 5-9. Plaintiff secured the Note with a mortgage (the "Mortgage") on the subject property located at 19 Faber Place, Nutley, New Jersey (the "Property") in favor of Defendant MERS, solely in its capacity as nominee for Stanley and its successors and assigns. Compl. ¶ 14; ECF No. 13-2 at 11-27. Both the Note and the Mortgage include the terms and conditions, and both are signed or initialed by Plaintiff on each page. ECF No. 13-2 at 5-27. Plaintiff also executed a secondary mortgage loan in the amount of $90,000 also secured by the November 10, 2006 Mortgage. ECF No. 13-2 at 26.

---

[1] A court may consider "exhibits attached to the complaint[,] matters of public record," and documents "integral to or explicitly relied upon in the complaint." See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks and emphasis omitted). As a matter of New Jersey law, the recording and assignment of a mortgage are matters of public record. N.J.S.A. 46:26A-2; N.J.S.A. 46:26A-12; see also Cox v. RKA Corp., 164 N.J. 487, 753 A.2d 1112, 1117 (N.J. 2000) (holding that "parties are generally charged with constructive notice of instruments that are properly recorded"). Plaintiff's Complaint hinges on the Mortgage and assignment of said Mortgage, making the Mortgage and all documents assigning the Mortgage integral. Notably, Plaintiff's assertions do not dispute the authenticity of any documents attached by Defendants. See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."). Therefore, the Note, Mortgage, and the recording and assignment of the Mortgage as provided by Defendants as exhibits to their moving papers are considered for purposes of this motion because they are part of the public record and integral to the Complaint.

The Mortgage was assigned as follows. On January 11, 2008, MERS in its capacity as nominee for Stanley assigned the Mortgage to Countrywide Home Loans, Inc. ("Countrywide"). ECF No. 13-2 at 29-30. On March 27, 2015, Countrywide recorded its assignment of the Mortgage to BANA.[2] ECF No. 13-2 at 33. On April 23, 2015, BANA recorded its assignment of the Mortgage to Fannie Mae. ECF No. 13-2 at 38-39.

The foreclosure action proceeded as follows. On August 1, 2007 or January 14, 2008, Plaintiff defaulted on the Mortgage.[3] ECF No. 13-1 at 7. On or about January 15, 2008, BANA brought a foreclosure action in the Superior Court of New Jersey.[4] Id. On July 15, 2014, the Superior Court entered an amended final judgment against Plaintiff. ECF No. 13-2 at 44-45. On April 17, 2015, the Superior Court dismissed Plaintiff's "Chapter 31 [sic] bankruptcy petition." Id. at 45. On October 13, 2015, the Superior Court terminated Plaintiff's Chapter 7 bankruptcy petition. Id. A Sheriff's Sale was ultimately scheduled for and occurred on November 10, 2015, at which time the Property was sold. ECF No. 13-2 at 44-46. Fannie Mae purchased the Property for $1,100. ECF No. 13-2 at 41. On December 18, 2015, the Superior Court of New Jersey denied Plaintiff's motion to vacate the Sheriff's Sale. Id.

On January 19, 2016, Plaintiff filed her Complaint in this Court against Defendants alleging the following claims: Lack of Standing/Wrongful Foreclosure (Count I); Fraud in the Concealment (Count II); Fraud in the Inducement (Count III); Intentional Infliction of Emotional Distress (Count IV); Slander of Title (Count V); Quiet Title (Count VI); Declaratory Relief (Count VII); Violation

---

[2] In 2008, BANA acquired Countrywide.
[3] Defendants' moving papers provide January 14, 2008 as the date of default, but Defendants' moving papers also include a Superior Court order dated December 18, 2015 that states that Plaintiff defaulted on the Mortgage on August 1, 2007. ECF No. 13-2 at 44. For purposes of the instant motion, the Court makes note of both dates.
[4] The state court action lists BANA as plaintiff.

3

of the Truth in Lending Act ("TILA") and Violation of the Home Ownership Equity Protection

Act ("HOEPA") (Count VIII); Violation of Real Estate Procedures Act ("RESPA") (Count IX);

and Rescission (Count X).  ECF No. 1.

On April 15, 2016, Defendants filed the instant Motion to Dismiss.  ECF No. 13.  On April

27, 2016, Plaintiff filed a Motion to Strike Defendants' Motion to Dismiss, Request for Discovery,

Subpoena to the Essex County Sheriff Armando Fontoura, Request for a Pre-Trial Hearing against

the listed Defendants, and a Request for a Temporary Restraining Order (the "Motion to Strike").[5]

ECF No. 14.  On May 18, 2016, Defendants filed a Response in Opposition to Plaintiff's Motion

to Strike.  ECF No. 15.  On October 25, 2016, the Court denied Plaintiff's Motion to Strike in its

entirety.  ECF No. 19.

## III.   LEGAL STANDARD

### A.      Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6),

it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, the Court must accept all well-

pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of

the non-moving party.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

"Factual allegations must be enough to raise a right to relief above the speculative level."

Twombly, 550 U.S. at 555.  "A pleading that offers labels and conclusions will not do.  Nor does

---

[5] Plaintiff alleges in her Motion to Strike, which is more akin to an opposition to the motion
to dismiss, that the documents assigning the mortgage are void for the length of time between
assignments without providing any grounds for why the timing would void the assignment.  ECF
No. 14 at 2.  The Court treats the Motion to Strike as opposition to the instant motion.

4

a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). As indicated above, a court may consider matters of public record and documents integral to the complaint. See supra, at 2 n.1.

### B.    Liberal Pleading Standard for *Pro Se* Litigants

Because Plaintiff is a *pro se* litigant, her filings are entitled to a liberal construction. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). This Court therefore has a special obligation to discern both the nature of the relief and the appropriate law to govern her request. Id. A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines, 404 U.S. at 520-21); Bacon v. Minner, 229 F. App'x 96, 100 (3d Cir. 2007).

### IV.    DISCUSSION

The gravamen of Plaintiff's Complaint is that Defendants do not have a right or interest in the Note and/or Mortgage, because (1) Defendants knew or should have known at the origination

of the Note and/or Mortgage that Plaintiff would not be able to repay the loan, (2) Defendants failed to provide the terms and conditions of the Note and/or Mortgage at origination, and (3) Plaintiff's loan was improperly securitized and, relatedly, there are defects in the chain of title. Compl. ¶¶ 12-13. Plaintiff asks the Court to vacate the Sheriff's Sale and quiet title of the Property in favor of Plaintiff free from any liens, and award compensatory and punitive damages, rescission, declaratory judgment, and injunctive relief.[6] Id. at ¶¶ 11-13.

First, Plaintiff does not cite to law or statutory provisions entitling her to relief under the theory that Defendants knew or should have known that she would be unable to repay the loan. Even assuming such a duty exists, the lender of the Note and Mortgage whose due diligence Plaintiff questions is Stanley, not a party to this action. ECF 13-2 at 5-27. Plaintiff executed the Note and Mortgage with lender Stanley on November 10, 2006. Compl. ¶ 14. MERS was the nominee for Stanley for the Mortgage. ECF No. 13-2 at 29. MERS assigned the Mortgage to Countrywide in 2008, and only subsequent to that date were BANA and Fannie Mae at all involved with the Mortgage. Plaintiff fails to allege any facts that the Defendants – BANA, MERS, and Fannie Mae – were in a position to determine Plaintiff's ability to pay. To the extent that MERS was a party to the originating loan, its involvement was only as a nominee for Stanley. Plaintiff fails to allege facts or law demonstrating that MERS breached a duty to determine Plaintiff's ability to repay the loan.

Second, Plaintiff's assertion that Defendants failed to disclose the terms and conditions of the Note and Mortgage also fails. Both the Note and the Mortgage include the terms and conditions

---

[6] Although not clearly pled in her Complaint, Plaintiff appears to seek injunctive relief. In her Motion to Strike, Plaintiff requested a temporary restraining order, however, solely through the title of the motion. ECF No. 14 at 1. To the extent Plaintiff seeks injunctive relief, her request was denied by Magistrate Judge James B. Clark on October 25, 2016. ECF No. 19.

and each page is signed or initialed by Plaintiff at the time of execution, establishing disclosure of the terms and conditions to Plaintiff. Compl. ¶ 14; ECF No. 13-2 at 5-27.

Third, Plaintiff alleges that Defendants "cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original Promissory Note and Mortgage, resulting in imperfect security interests and claims." Id. at ¶ 18. However, Defendants can and do show proper securitization and chain of title by producing documentation. ECF 13-2 at 4-42; see supra, at 2 n.1.

As pointed out by Defendants in their moving papers, this Court has recently dismissed another action, with prejudice, based on claims similar to Plaintiff's in this case, and arguments similar as those set forth by Defendants in the instant motion. Espaillat v. Deutsche Bank Nat'l Trust Co., 2:15-cv-00314-SDW-SCM, 2015 WL 2412153 (D.N.J. May 21, 2015); see also Coleman v. Deutsche Bank Nat'l Trust Co., 2:15-cv-01080-JLL-JAD, 2015 WL 2226022 (D.N.J. May 12, 2015).

With the above analysis in mind, the Court will address each of Plaintiff's claims below.

### A.    Lack of Standing/Wrongful Foreclosure (Count I)

Defendants move to dismiss Plaintiff's claim for wrongful foreclosure, arguing that it fails to state a cognizable claim. The gist of Plaintiff's claim in Count One is her assertion that none of the Defendants had standing to foreclose on the Property, see Compl. ¶¶ 43-57, and, therefore, the foreclosure on the Property by Defendants is null and void. Plaintiff asks that she retain title to the Property, and that the Mortgage be held "in beneficiaries' name" during the pendency of this litigation. See id.

Plaintiff has not identified any federal or state law that provides grounds for a "wrongful

foreclosure" cause of action.[7]  To the contrary, "[i]n New Jersey, 'wrongful foreclosure' is not a recognized cause of action." Vassallo v. Bank of N.Y., No. 15-3227, 2016 U.S. Dist. LEXIS 47895, at *16 (D.N.J. Apr. 8, 2016); see also Gorodeski v. U.S. Bank N.A., No. 15-2271, 2016 U.S. Dist. LEXIS 2862, at *16 (D.N.J. Jan. 11, 2016) ("[T]he Court is unaware of any such independent claim under New Jersey state law.").  To the extent Plaintiff challenges the foreclosure on standing grounds, the party which foreclosed, Fannie Mae, had standing to foreclose on the Property by the terms of the Mortgage that BANA had properly assigned Fannie Mae.  ECF No. 13-2 at 11-27, 38.  Accordingly, the Court dismisses the first count without prejudice.

### B.        Fraud in the Concealment (Count II) and Fraud in the Inducement (Count III)

Defendants move to dismiss Plaintiff's claims for fraud in the concealment and fraud in the inducement, arguing that they are barred by the statute of limitations and fail to state cognizable claims.  The Court agrees.  In New Jersey, a six-year statute of limitations governs fraud claims. N.J. Stat. Ann. 2A:14-1.  Plaintiff alleges that Defendants failed to disclose the material terms of the original transaction executing Plaintiff's Note and Mortgage and securitization in November 2006, Compl. ¶¶ 115-131, and that Defendants misrepresented to the Superior Court that they had standing to foreclose.  Compl. ¶ 69.  These claims stem from the execution and assignment of the Mortgage and commencement of the foreclosure, rendering the allegedly improper conduct discoverable upon occurrence of the transaction on November 10, 2006 and the foreclosure action

---

[7] Plaintiff states, "it is well established state and Federal law that the assignment of a Mortgage does not automatically assign the underlying promissory Note and right to be paid and the security interest is incident of the debt." Comp. ¶ 50, ECF No. 1 at 11.  The Court finds this insufficient in identifying the legal grounds for finding the foreclosure of the Property invalid. Plaintiff asserts that the foreclosure action was "supported by false or fraudulent documents," yet does not identify which documents she is referencing or any evidence.  Compl. ¶ 54, ECF No. 1 at 12; ECF 13-1 at 44-49.

filed on January 14, 2008.  Given that Plaintiff filed her Complaint on January 16, 2015, her fraud claims are barred by the six-year statute of limitations.  See Coleman, 2015 WL 2226022, at *14.

Plaintiff also fails to state a cognizable claim for fraud.  Plaintiff alleges in Count Two that Defendants "concealed the fact that: (1) Financial Incentives were paid; (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition Provisions" and "that Borrower's loan changed in character inasmuch as no single party would hold the Note" having a "materially negative effect on Plaintiff that was known by Defendant but not disclosed." Compl. ¶ 59.  Plaintiff alleges in Count Three that Defendants intentionally misrepresented that they were the owner(s) of the Note and beneficiary of the Mortgage.  Id. ¶ 69.  Based on these allegations Plaintiff asserts that "Defendants were attempting to collect on a debt to which they have no legal, equitable, or pecuniary interest in."  Id.

When asserting fraud claims, a "plaintiff must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1417 (3d Cir. 1997).  Rule 9(b) requires that, "the circumstances constituting fraud or mistake shall be stated with particularity."  Id.  (internal quotation marks omitted).  To meet this requirement, the plaintiff must plead or allege the "date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  "To establish a common-law fraud claim, a plaintiff must prove: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Coleman, 2015 WL 2226022, at *7 (D.N.J. May 12, 2015).  "Thus, basic tenets of pleading fraud in New Jersey

requires [sic] Plaintiff to state the 'who, what, when, and where' details of the alleged fraud." Id. (complaint dismissed where it alleged "the general content of the representations," but did not specify "who the speakers were . . . or who received the information").

Here, Plaintiff's fraud claims fail to state a claim for numerous reasons. Plaintiff failed to plead or identify any specific, fraudulent assignments or conduct. See Silva v. Fannie Mae, 2015 U.S. Dist. LEXIS 171283, at *8-9. The allegedly concealed facts are not material as Plaintiff failed to allege that Defendants altered the bargained-for terms of the Note and Mortgage. Id. Plaintiff does not adequately allege that she was damaged as a result of any alleged securitization. Id. Additionally, Plaintiff has not identified any duty that would require Defendants to disclose the alleged post-closing securitization of the loan. See United Jersey Bank v. Kensey, 306 N.J. Super. 540, 552 (App. Div. 1997) (a lender-creditor relationship in New Jersey is not a fiduciary relationship and is considered in essence adversarial). Accordingly, the Court dismisses the second and third counts without prejudice.

### C.    Intentional Infliction of Emotional Distress (Count IV)

Defendants move to dismiss Plaintiff's claim for intentional infliction of emotional distress, arguing that it is barred by the economic loss doctrine, and fails to state a cognizable claim. The Court agrees. The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract." Duquesne Light Co. v. Westinghouse Elec. Co., 66 F.3d 604, 618 (3d Cir. 1995). Here, Plaintiff's claim for intentional infliction of emotional distress and bad faith are based on a contractual relationship, *i.e.*, the Note

and Mortgage.[8]  See Coleman, 2015 WL 2226022, at *4 and 8.  Therefore, Plaintiff's tort claims

against Defendants are barred as a matter of law.[9]

      Accordingly, the Court dismisses the fourth count without prejudice.

---

    [8] Plaintiff appears to include a claim for breach of the implied covenant of good faith and fair dealing, which is, as with Plaintiff's claim for infliction of emotional distress, also a tort-based claim barred by the economic loss doctrine. Compl. ¶ 81; see Coleman, 2015 WL 2226022, at *4.

    [9] As to the merits, Plaintiff's claim for intentional infliction of emotional distress fails to state a cognizable claim.  Plaintiff alleges Defendants "intentionally, knowingly and recklessly misrepresented" that they "were entitled to exercise the power of sale provision contained in the Mortgage," Compl. ¶ 78 and, "fraudulently foreclose[d] or claimed the right to foreclose" on the Property. Id. at ¶ 79.  Plaintiff alleges that in foreclosing, Defendants had "the specific intent of inflicting emotional distress on the Plaintiff." Id. at ¶ 80.  To state a claim for intentional infliction of emotional distress, a party must plead "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." Taylor v. Metzger, 152 N.J. 490, 509 (1998) (citation omitted).  New Jersey sets a "high bar" for a plaintiff to establish extreme and outrageous conduct. See Taveras v. Resorts Int'l Hotel, Inc., No. 07-4555, 2008 U.S. Dist. LEXIS 71670, at *18 (D.N.J. Sept. 19, 2008).  "Only where reasonable persons may differ is it for the jury, subject to the control of the court, to determine whether the conduct alleged in this case is sufficiently extreme and outrageous to warrant liability." McConnell v. State Farm Mut. Ins. Co., 61 F. Supp. 2d 356, 363 (D.N.J. 1999) (internal quotation marks omitted).  Thus, to succeed on a claim for intentional infliction of emotional distress, a defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Subbe-Hirt v. Baccigalupi, 94 F.3d 111, 114 (3d Cir. 1996).

    Here, Defendants' alleged conduct does not rise to the high bar required for a claim of intentional infliction of emotional distress. See Diaz v. Bank of N.Y., No. 15-1954, 2016 U.S. Dist. LEXIS 2855, at *16-17 (D.N.J. Jan. 11, 2016) (holding that attempt to foreclose on property does not support claim for intentional infliction of emotional distress because "attempting to collect a debt does not rise to a level of outrageous conduct, especially under New Jersey's high bar for outrageous behavior"); see also Francis v. TD Bank, N.A., No. 12-7753, 2013 U.S. Dist. LEXIS 124416, at *18 (D.N.J. Aug. 30, 2013) (dismissing claim because allegation that defendant foreclosed on plaintiff's home was insufficient to state "outrageous" conduct), aff'd, 597 F. App'x 58 (3d Cir. 2014).  Plaintiff alleges that she "did not default in the manner stated in the Notice of Default" but does not contest that she did in fact default on the loan. Compl. ¶ 83.

    Further, a plaintiff must show defendants "intend[ed] both to do the act and to produce emotional distress." Mudey v. United States, No. 09-1669, 2011 U.S. Dist. LEXIS 49712, at *2 (D.N.J. May 10, 2011) (citing Buckley v. Trenton Sav. Fund Soc., 111 N.J. 355, 366, 544 A.2d 857 (1988)).  Plaintiff attempts to support this claim with conclusory allegations that Defendants failed to act in "good faith while attempting to collect on the subject debt," Compl. ¶ 81, and acted with the "specific intent of inflicting emotional distress," Id. at ¶ 80, and that Defendants are therefore liable.  Plaintiff's conclusory allegations fail to state a cognizable claim.

### D.    Slander of Title (Count V)

Defendants move to dismiss Plaintiff's claim for slander of title, arguing that it fails to state a cognizable claim. The Court agrees. To assert a cause of action for slander of title, a plaintiff must allege that the defendants "falsely published an assertion concerning plaintiff's title which caused special damages to the plaintiff and that defendant acted out of malice." Stewart Title Guar. Co. v. Greenlands Realty, LLC, 58 F. Supp. 2d 370, 388 (D.N.J. 1999) (quoting Lone v. Brown, 199 N.J. Super. 420, 425 (App. Div. 1985)).

Here, Plaintiff alleges that Defendants falsely published "documents evidencing the commencement of judicial foreclosure by a party who does not possess that right." Compl. ¶ 87. Plaintiff alleges that she has incurred expenses to clear title to the Property, that she has suffered humiliation, mental anguish, anxiety, depression, emotional and physical distress, and is entitled to punitive damages. Id. at ¶¶ 88-91, 93. Plaintiff alleges that these harms were a direct and proximate result of Defendants' conduct in posting, publishing, and recording said documents. Id. at ¶¶ 88-91. Plaintiff makes the conclusory statement that Defendants had the requisite intent and their conduct was "fraudulent, oppressive, and malicious[.]" Id. at ¶ 92-3.

Plaintiff fails to describe or allege what published documents are false or identify what defamatory statements were contained in the published documents. Plaintiff's conclusory allegations that Defendants "disparaged Plaintiff's exclusive valid title" fails to state a claim. See Diaz, 2016 U.S. Dist. LEXIS 2855, at *17-18.

Accordingly, the Court dismisses the fifth count without prejudice.

### E.    Quiet Title (Count VI)

Defendants move to dismiss Plaintiff's claim to quiet title, arguing that Plaintiff cannot establish that she holds a superior title to the Property over any Defendant. The Court agrees.

New Jersey's quiet title statute allows a plaintiff to maintain an action to "clear up all doubts and disputes concerning" competing claims to land.  N.J. Stat. Ann. § 2A:62-1.  In accordance with the statute, a plaintiff should spell out the nature of the competing claims in her complaint. Espinoza v. HSBC Bank, USA, Nat'l Ass'n, No. 12-4874, 2013 WL 1163506, at *3 (D.N.J. Mar. 19, 2013).  In addition, a plaintiff must allege facts showing a defendant's competing interest is wrongful.  English v. Fed. Nat'l Mortg. Ass'n, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013).

Here, Plaintiff's conclusory allegations questioning the ownership of the Mortgage are insufficient to state a quiet title claim.  See Schiano v. MBNA, No. 05-1771 JLL, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013) (dismissing the complaint and holding that plaintiffs' allegations that they do not know the owner of their mortgage and that the assignments of their mortgage are invalid are not sufficient to establish a quiet title action); English, 2013 WL 6188572, at *2-4.  Plaintiff fails to set forth any specific facts supporting the invalidity of the Note or Mortgage and Plaintiff does not deny that she has not fully satisfied repayment of the Loan. N.J.S.A. 2A:62-1; N.J. Court Rule 4:62-1; see also Vassallo, 2016 U.S. Dist. LEXIS 47895, at *11-12 (dismissing quiet title claim where Plaintiff did not dispute that "Plaintiff executed the Note and Mortgage and that Plaintiff has not fully satisfied his loan repayment obligations [and] Plaintiff does not plead how or why he has superior title to the property over Defendants under those circumstances."); Reyes v. Governmental Nat'l Mortg. Ass'n, No. 15-64, 2015 U.S. Dist. LEXIS 66396, at *8 (D.N.J. May 21, 2015) ("[C]onclusory allegations regarding the invalidity of the loan documents are insufficient to state a quiet title claim."); Cabeza, 2015 U.S. Dist. LEXIS 61874, at *7-8 (dismissing quiet title claim based on conclusory allegation that assignment of mortgage was invalid).  Indeed, as discussed above, Defendants' allegedly competing interest in

13

the property title is not "wrongful." Therefore, Plaintiff's quiet title claim fails.   Accordingly, the Court dismisses the sixth count without prejudice.

### F.   Declaratory Relief (Count VII)

Plaintiff argues that she is entitled to declaratory relief on the grounds that the transfers and/or assignments of the Note and Mortgage were improper.  Compl. ¶¶ 102-103.

Even if Defendants had engaged in the alleged violations, Plaintiff would not be entitled to declaratory relief. Declaratory relief requires a live controversy of sufficient immediacy between the parties. Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1170 (3d Cir. 1987).  Here, there is no pending foreclosure action to make these allegations relevant.  The Sheriff's Sale occurred on November 10, 2015, and the Superior Court of New Jersey denied Plaintiff's motion to vacate the sale on December 18, 2015.  ECF No. 13-2 at 41.

Accordingly, Plaintiff fails to set forth the necessary elements for declaratory relief.  The Court dismisses the seventh cause of action without prejudice.

### G.   Violation of TILA and HOEPA (Count VIII),  Violation of RESPA (Count IX), and Rescission (Count X)

Plaintiff brings causes of action alleging violations of TILA, HOEPA, and RESPA, and requesting rescission.  Each cause of action is based on allegations relating to the origination of Plaintiff's Note and Mortgage and their subsequent securitization in November 2006.  Compl. ¶¶ 115-131.  Claims for monetary damages under TILA are governed by a one-year statute of limitations. 15 US.C. § 1640(e).  Claims for rescission under TILA are governed by a three-year statute of limitations. Id.  Claims for rescission under HOEPA are governed by a three-year statute of limitations. 15 U.S.C. § 1635(f).  Claims for violation of Section 2607 of RESPA are governed by a one-year statute of limitations.  12 US.C. § 2614.  Because all claims relate to and began to

14

accrue at the execution of the Note and Mortgage, and Plaintiff filed her Complaint on January 16, 2015, over eight years after the loan was originated, these claims are time-barred.  The Court dismisses the eighth, ninth, and tenth claims without prejudice.

## V.     **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is granted.  To the extent the pleading deficiencies can be cured by way of amendment, Plaintiff is hereby granted thirty (30) days to file an amended complaint.

Dated: February 27, 2017

_____

**CLAIRE C. CECCHI, U.S.D.J.**